IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VIP PUMP SERVICES, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:24-CV-00703-JRG |
| § | |
| WILLIAM BOYDE POOLE, ROBERT W. § | |
| JACKSON, and JAMES WOFFORD, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff VIP Pump Services, LLC's ("VIP Pump") Request for Entry of Default and Request for Default Judgment (the "Motion"). (Dkt. No. 12.) Having considered VIP Pump's request, the subsequent briefing, and for the reasons stated herein, the Court recommends the Motion be **DENIED** as **MOOT**.

**I.     BACKGROUND**

On July 24, 2024, VIP Pump and Alpha Pressure Pumping, LLC ("Alpha") filed suit in the District Court of Harrison County, Texas, 71st Judicial District against Defendants William B. Poole, Bobby Scott Jackson, and James Wofford. (Dkt. No. 12 at 2; Dkt. No. 1 at 1.) Defendants Wofford, Poole, and Jackson filed a Special Appearance, Motion to Dismiss, and a Plea in Abatement in the state court action on August 26, 2024. (Dkt. No. 12-4.)

On August 28, 2024, the Defendants filed a Notice of Removal removing the state court action to the United States District Court for the Eastern District of Texas, Marshall Division. (Dkt. No. 1 at 1.) Defendants Poole and Jackson then filed a Motion to Dismiss, Compel Arbitration, Consolidate, or in the Alternative Transfer Venue on August 30, 2024, but Defendant Wofford did not join in the motion. (Dkt. No. 12 at 2; Dkt. No. 6.)

On August 30, 2024, Alpha dismissed all its claims against the Defendants with prejudice. (Dkt. No. 5.) The sole remaining plaintiff—VIP Pump—filed an Amended Complaint on September 11, 2024. (Dkt. No. 11.) Immediately after filing its First Amended Complaint, VIP Pump filed this Motion requesting the Court direct the Clerk of Court to enter a default against Wofford and hold a hearing for entry of a default judgment. (Dkt. No. 12 at 1.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Applying Rule 55, the Fifth Circuit has defined a three-step process for securing a default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, there must be a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.*; accord Fed. R. Civ. P. 55(a). Second, there must be an entry of default by the clerk, which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141. Third, and only after entry of default, a "plaintiff may apply for a judgment based on such default." *Id.*; accord Fed. R. Civ. P. 55(b).

Nevertheless, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 744 (5th Cir. 2013) (citing *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)). Moreover, "default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Waltner*, 551 F. App'x at 744. Indeed, courts have held that when the plaintiff has made no showing of prejudice stemming from the defendant's delay, a default judgment "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Id.* (citing *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010).

2

### III.  DISCUSSION

VIP Pump asks the Court to direct the Clerk of Court to enter an administrative finding of default against Wofford and set a hearing not less than 7 days thereafter for entry of a default judgment.  (Dkt. No. 12 at 5.)  VIP Pump claims that Wofford defaulted because he has not taken any action to defend the claims against him and the deadline for him to file an answer expired on August 26, 2024. (*Id.* at 3.)  Furthermore, VIP Pump contends that the filing of a special appearance challenging personal jurisdiction in state court does not constitute an appearance in federal court to avoid being in default.  (*Id.* at 3-5.)

Wofford argues that the Court should deny VIP Pump's Motion for several reasons.

First, Wofford argues that because "[t]he Petition as originally filed in state court pled no claims whatsoever by VIP against [him]" and "[t]he only claims alleged against [him] in the original Petition were ostensibly claims of Alpha," he was "not required to file any answer" after Alpha voluntarily dismissed its claims against him. (Dkt. No. 1.)  In response, VIP Pump contends that Wofford's argument "completely ignores the fact that VIP Pump also asserted a claim tortious interference with existing contract claim against [him]."  (Dkt. No. 22 at 4.)

The Court is not persuaded by Wofford's argument that he was not required to answer or otherwise respond on the grounds that VIP Pump plead no claims against him.  In addition to countless factual allegations involving Wofford, the Original Petition clearly alleges claims by VIP Pump against Wofford, as shown below:

> 6.1 ALPHA and VIP PUMP further allege a cause of action against POOLE, JACKSON, and WOFFORD for tortious interference with an existing contract as that concept is applied by Texas courts.
>
> . . .
>
> 6.14 Based on the foregoing, Plaintiffs will show that POOLE, JACKSON, and WOFFORD intentionally interfered with ALPHA's existing contract with Permian International.

> 6.15 Plaintiffs will show that actions of POOLE, JACKSON, and WOFFORD were independently tortious as part of POOLE and JACKSON'S conspiracy to commit fraud and breach of fiduciary duty.
>
> 6.16 The interference by POOLE, JACKSON, and WOFFORD proximately caused Plaintiffs injuries including the lost opportunity to sell assets to reduce ALPHA's debt, payment of WOFFORD'S salary, and increased interest expense.
>
> 6.17 Plaintiffs seek actual damages of at least $600,000 for the lost benefit of the bargain damages caused by POOLE, JACKSON, and WOFFORD'S tortious interference with the Permian International contract.

(Dkt. No. 15-9 at 10-14.) Consequently, the Court finds that Wofford's sole basis for not timely answering or responding to the Original Petition is unpersuasive.

Second, Wofford argues for the first time in his sur-reply that VIP Pump "conceded the insufficiency of [its] prior pleading by filing a new pleading attempting to recharacterize the claims against Wofford as . . . inuring to VIP Pump," and that Wofford "promptly and timely moved to dismiss," after VIP Pump filed an Amended Complaint by joining in the Defendants' renewed motion to dismiss VIP Pump's Amended Complaint. (Dkt. No. 23 at 1-2; Dkt. No. 15.)

The Court agrees with Wofford's contention and finds that entry of default is inappropriate here. As an initial matter, when VIP Pump amended its Petition by filing its First Amended Complaint, the First Amended Complaint superseded the original Petition and rendered it of no legal effect. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n. 2 (5th Cir. 2010) ("[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect."). Consequently, VIP Pump's Motion requesting entry of default on the Original Petition must be denied as moot because default cannot be entered against a defendant in default on a petition which is superseded by an amended complaint. *See U.S. Bank Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Harris*, No. 4:16-CV-00498-ALM-CAN, 2017 WL 10776031, at *1 (E.D. Tex. Sept. 29, 2017), *report and recommendation adopted*, No. 4:16-CV-498, 2017 WL 10776030 (E.D. Tex. Oct. 17, 2017) (holding that a pending motion for default judgment must be denied as moot where

4

the plaintiff filed an amended complaint); *Winston v. City of Laurel*, No. 2:12CV61-KS-MTP, 2012 WL 5381346 (S.D. Miss. Oct. 31, 2012) ("[T]he filing of the Amended Complaint mooted the Clerk's Entry of Default")).

Furthermore, even if VIP Pump had not filed its First Amended Complaint, the Court finds that entry of default or default judgment is inappropriate because Wofford has joined in the Defendants renewed Motion to Dismiss (Dkt. No. 15) and is no longer in default. *See Fazeli v. Dallas MTV, LLC,* No. 3:16-CV-0749-B, 2017 WL 1426334, at *3 (N.D. Tex. Apr. 21, 2017) (denying the plaintiff's motion for entry of default judgement where defendant Saleh was "no longer in default" because he "filed a Motion to Dismiss after default was entered against him"); *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2012 WL 6928017, at *1 (N.D. Tex. Dec. 28, 2012), *report and recommendation adopted*, No. 3:11-CV-0726-M-BH, 2013 WL 271447 (N.D. Tex. Jan. 23, 2013) ("Defendant file a *pro se* motion to dismiss . . . after default was entered against him. . . . Defendant has otherwise defended the case by filing a motion to dismiss. . . . Therefore, Plaintiffs cannot satisfy the first requirement for a default judgment, e.g., Defendant's failure 'to plead or otherwise defend.'"); *see also Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("At the time the Plaintiff moved for default judgment, Defendants were no longer in default. Their filing, however late, cured their default and thereafter entry of default would not be appropriate."). Finally, even if Wofford had not joined in the renewed Motion to Dismiss (Dkt. No. 15), VIP Pump is not entitled to default judgment as a matter of right. *Fazeli*, 2017 WL 1426334, at *3. The Court concludes that "a decision on the merits is warranted." *Id.*

## IV.   CONCLUSION

For the foregoing reasons, the Court is of the opinion that Plaintiff's Motion for Default Judgment (Dkt. No. 12) should be and hereby is **DENIED** as **MOOT**.

**So ORDERED and SIGNED this 17th day of October, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE