IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VIP PUMP SERVICES, LLC, and VIP WELL SERVICES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:24-CV-00703-JRG |
| WILLIAM BOYDE POOLE, ROBERT W. JACKSON, and JAMES WOFFORD, | § § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendants' Motion to Strike Plaintiffs' Second Amended Complaint (the "Motion") filed by Defendants William Boyde Poole, Bobby Scott Jackson, and James Wofford (collectively, the "Defendants"). (Dkt. No. 28). For the reasons discussed herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I.   BACKGROUND

On August 30, 2024, Alpha Pressure Pumping, LLC (a former plaintiff in this case) dismissed all its claims against the Defendants with prejudice. (Dkt. No. 5.) That same day, Defendants filed a motion to dismiss. (Dkt. No. 6.) VIP Pump—the sole remaining plaintiff at that time—filed an Amended Complaint on September 11, 2024, mooting the motion to dismiss. (Dkt. No. 11; Dkt. No. 17.) Defendants filed another motion to dismiss the same day. (Dkt. No. 12.) After the second motion to dismiss was almost fully briefed, VIP Pump, joined by VIP Well Services LLC, then filed a Second Amended Complaint on November 5, 2024. (Dkt. No. 27.) Defendants filed the instant Motion asking the Court to strike Plaintiffs' Second Amended Complaint. (Dkt. No. 28). Plaintiffs filed their response on November 25, 2024. (Dkt. No. 29.)[1]

---

[1] Under the Local Rules, the Court need not wait for the reply or sur-reply before ruling on the Motion. L.R. CV-7(f).

## II.  DISCUSSION

Defendants ask the Court to strike Plaintiffs' Second Amended Complaint on the grounds it violates Federal Rules of Civil Procedure 15(a). (Dkt. No. 28 at 2.)  Specifically, Defendants contend that the filing of the Second Amended Complaint was improper because Rule 15(a) only allows a plaintiff to amend once absent either express leave or consent. (*Id.* at 3.)  Defendants further argue that this limitation is not abrogated by the Court's Docket Control Order. (*Id.* at 3.)  As support, Defendants cite *Jabary v. City of Allen*, No. 4:10-CV-711, 2012 WL 669761, at *2 (E.D. Tex. Feb. 29, 2012), *aff'd in part, rev'd in part on different issue and remanded*, 547 F. App'x 600 (5th Cir. 2013).)  In *Jabary*, the district court struck the plaintiff's third amended complaint despite it being filed within the deadline to amend the pleadings, holding that:

> Plaintiff takes the position that the deadline to add parties and file amended pleadings gives him an unlimited right to file new pleadings and add new parties. This assumption is incorrect, and Plaintiff must look to Federal Rule of Civil Procedure 15. The Scheduling Order must be read in conjunction with the Federal Rules of Civil Procedure. Because Defendants have already filed responsive pleadings before Plaintiff filed his Third Amended Complaint, Rule 15(a)(2) applies. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Defendants did not give consent, and Plaintiff did not ask for leave. Therefore, Plaintiff's Third Amended Complaint (Dkt. No. 77) is hereby STRICKEN.

*Id.* Plaintiffs ask the Court to deny Defendants' Motion to Strike for several reasons. First, Plaintiffs correctly note that the Court's Discovery Control Order explicitly granted them the right to file an amended complaint without first seeking leave of court. (Dkt. No. 20 at 3 ("It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.").) Second, Plaintiffs contend that *Jabary* is distinguishable because the scheduling order in *Jabary* did not contain language stating that a party need not get leave of court to amend its pleading. (Dkt. No. 29 at 3; *Jabary v. City of Allen*, No. 4:10-CV-711, Dkt. No. 60 (E.D. Tex.).)

2

The Court agrees with Plaintiffs that the Docket Control Order in this case, in contrast to the scheduling order in *Jabary*, explicitly allows both parties to amend their pleadings without leave of Court so long as the deadline to amend pleadings has not passed. Furthermore, the Court does not find that Rule 15(a) abrogates the Court's broad discretion and inherent authority to manage its docket, especially considering the mandate that courts should freely give parties leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2); *June Med. Servs., L.L.C. v. Phillips*, No. 22-30425, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022) (citing *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam)).

### III.   CONCLUSION

Accordingly, the Court finds that the Motion (Dkt. No. 28) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 5th day of December, 2024.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE